**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

FEB 26 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANNAMARIA MAGNO GANA,

              Petitioner-Appellant,

  v.

MOLLY HILL, Acting Warden,

              Respondent-Appellee.

No.  17-55714

D.C. No.
5:16-cv-01146-AB

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Andre Birotte Jr., District Judge, Presiding

Argued and Submitted February 8, 2019
Pasadena, California

Before:  GOULD and NGUYEN, Circuit Judges, and MARBLEY,[**] District
Judge.

     AnnaMaria Magno Gana appeals an order from the Central District of

California denying her 28 U.S.C. § 2254 petition for a writ of habeas corpus.  On a

petition for a writ of habeas corpus under 28 U.S.C. § 2254, "[w]e review de novo

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]     The Honorable Algenon L. Marbley, United States District Judge for
the Southern District of Ohio, sitting by designation.

the district court's application of AEDPA to [the last reasoned state court decision]." *Rademaker v. Paramo*, 835 F.3d 1018, 1023 (9th Cir. 2016). To prevail under AEDPA, Gana must show constitutional error and show that the error was actually prejudicial. *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993). A federal constitutional error is not harmless unless "it was harmless beyond a reasonable doubt." *Chapman v. California*, 386 U.S. 18, 24 (1967). And "[w]hen a Chapman decision is reviewed under AEDPA, 'a federal court may not award habeas relief under § 2254 unless *the harmlessness determination itself* was unreasonable.'" *Davis v. Ayala*, 135 S.Ct. 2187, 2199 (2015). A harmlessness determination "is not unreasonable if 'fairminded jurists could disagree on [its] correctness.'" *Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 101 (2011)).

AEDPA applies because the California Court of Appeal decided that any error at trial was harmless under *Chapman*. Gana argues that the California Court of Appeal did not apply the *Chapman* standard and did not decide whether the error was a federal constitutional error. But Gana has not overcome the presumption that a claim is adjudicated on the merits. The California Court of Appeal did not discuss whether it was applying a state or federal rule and cited the state court decisions of *People v. Wright*, 146 P.3d 531 (2006) and *People v. Maury*, 68 P.3d 1 (2003). *Maury* makes no mention of the *Chapman* standard, but *Wright* concluded that the same type of error at issue here was harmless under both

2

the state harmlessness standard and *Chapman*. Gana points to the dissenting opinion that relied on a state-law harmless error standard. The dissent, however, specifically noted that because the error was not harmless, "there is no need to determine whether the [error] . . . is governed by a more stringent reversible error standard." Therefore, the California Court of Appeal's decision that the error was harmless under *Wright* and *Maury* constituted a determination that the error was harmless under *Chapman* and meets the requirements for a merits determination subject to AEDPA deference.

Gana cannot "show that the state court's decision to reject [her] claim 'was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Davis*, 135 S.Ct. at 2199 (quoting *Harrington*, 562 U.S. at 103). A jury could confuse the lay and legal definitions of unconscious, as even the prosecutor did, and the involuntary intoxication instruction may have clarified that voluntarily taking prescription medications did not necessarily mean that Gana was *voluntarily* intoxicated. Additionally, the prosecutor told the jury in closing argument that "the possible side effects of medication . . . . [are] not a defense.".

But the trial court "told the jury it could consider the evidence of mental disease, defect, or disorder in determining whether defendant 'actually formed the required specific intent or mental state[s],'" and Gana presented evidence of her

3

altered mental state.  The "hallucination" instruction told the jury that it could consider whether Gana suffered from a hallucination or delusion in deciding whether to find premeditation and deliberation and/or lying in wait.  The voluntary intoxication instruction told the jury that it "should consider [voluntary intoxication] in deciding whether the defendant had the required specific intent and/or mental state."  CALJIC 4.21.  And the prosecutor's argument in context suggests that he may have simply been attempting to contest that Gana's medication affected her intent.  The jury nevertheless convicted Gana of the special circumstance of lying in wait and premeditation and deliberation.

Gana's burden-shifting argument is unconvincing.  Her argument rests on the language in the given instructions that "If the evidence *establishes* that the perpetrator of an unlawful killing suffered from a hallucination and/or delusion," CALJIC 8.73.1 (emphasis added), and "If the evidence *shows* that the defendant was intoxicated at the time of the alleged crime," CALJIC 4.21. (emphasis added).  But the requested instructions provide only that "evidence of involuntary intoxication should be considered" in determining whether the mental state requirement was met.  CALJIC 4.23.  The unconsciousness instruction directs that the defendant cannot be convicted if the jury has "a reasonable doubt that the defendant was unconscious at the time and place of the commission of the alleged crime."  CALJIC 4.30.  Thus, the requested instructions did not necessarily require the jury to find that Gana was

in fact intoxicated or was in fact unconscious. We do not read jury instructions in such a technical manner. *See Boyde v. California*, 494 U.S. 370, 380–81 (1990). Gana cites cases in which the jury instructions included an express presumption against the defendant. *See, e.g.*, *Sandstrom v. Montana*, 442 U.S. 510 (1970); *Francis v. Franklin*, 471 U.S. 307 (1985). That is not the case here. The state had to prove that Gana had the required mental state beyond a reasonable doubt.

As the district court noted, there was "strong evidence in support of the jury's rejection of [Gana's] mental state defense." Gana told responding officers that she shot her husband. She entertained friends at their home that morning, made several entries in her planner in the days before the shooting, and sent notes to employees on May 6 and 7, 2011, about business matters. While Gana argues that these factual considerations are for the jury, it is one thing to review the evidence in the first instance and quite another to conclude that there was enough evidence to support a jury's verdict. Reviewing courts routinely conduct the latter analysis on habeas review. *See, e.g.*, *Dixon v. Williams*, 750 F.3d 1027 (9th Cir. 2014); *United States v. Montalvo*, 331 F.3d 1052 (9th Cir. 2003). The California Court of Appeal's harmlessness determination was not objectively unreasonable.

**AFFIRMED.**